UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY,<br><br>                    Plaintiff,<br>          v.<br><br>SKOUNTRIANOS DDS MS D/B/A ORTHODONTIC EXCELLENCE,<br><br>                    Defendant. | CASE NO. 3:21-cv-05601-DGE<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's motion for partial summary judgment. (Dkt. No. 23.) Having considered the briefing of the parties and the remainder of the record, the Court GRANTS the motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case stems from a fire that destroyed the building housing Defendant's orthodontics practice on September 9, 2018. (Dkt. Nos. 1 at 2; 6 at 7.) After filing a claim under its fire insurance policy with Plaintiff, Defendant resolved certain claims, but disagreed with

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

Defendant's measurement of the covered amount of business income loss for the 12 months following the fire.  (Dkt. Nos. 1 at 3; 6 at 7-8.)

On January 31, 2021, Defendant invoked the insurance policy's contractual appraisal provision in an attempt resolve the parties' dispute concerning how to calculate Defendant's lost business income.  (Dkt. Nos. 1 at 3-4; 6 at 8.)  The provision permitted the parties' appraisers to select an umpire to resolve their dispute if they disagreed on the amount of loss.  (Dkt. 9-7 at 2.)  If the parties' appraisers were unable to agree on an umpire, the insurance policy permitted either party to request that an umpire be selected by a judge or a court having jurisdiction.  (*Id*.)

The parties were ultimately unable to agree on an umpire, and on August 19, 2021, Plaintiff filed a complaint in this court pursuant to the policy's contractual appraisal provision asking the Court to appoint an umpire.  (Dkt. No. 1.)  On February 4, 2022, the Court appointed the Hon. Curtis E. von Kann (Ret.). of Judicial Arbitration and Mediation, Inc. ("JAMS") to serve as umpire.  (Dkt. No. 18.)  Since February, the parties have been engaged with the umpire in resolving Defendant's outstanding insurance claims.

On August 3, 2022, Defendant filed a motion for partial summary judgment, asking the Court to interpret several provisions of the insurance agreement between the parties.  (Dkt. No. 23.)  Plaintiff responded to Defendant's motion (Dkt. No. 26) and Plaintiff replied.  (Dkt. No. 28.)

The Court questioned whether it had jurisdiction over this motion, given that Plaintiff's initial complaint only sought the appointment of an umpire, rather than the resolution of the underlying dispute between the parties.  However, the Court found that Defendant's counterclaims satisfied the requirements of 28 U.S.C. § 1332(a).  (Dkt. No. 18.)  While Plaintiff's motion does ask the Court to resolve part of the underlying dispute, the Court finds

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

that it continues to have jurisdiction over this case based on Defendant's counterclaims.  The Court further notes that the appraisal panel's authority is limited to the measure of damages for loss.  *See, e.g., Keesling v. W. Fire Ins. Co.*, 520 P.d. 622, 625 (Wash. Ct. App. 1974) ("An appraisal provision provides a method for establishing the dollar value of damage sustained.... The authority and control over the ultimate disposition of the subject matter remains with the courts.")

## II.  LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

## III.  DISCUSSION

### A.  The Insurance Policy

The insurance policy provides coverage for Defendant's "Business Personal Property", defined in the policy as property:

    b. … located in or on the buildings or structures at the described premises or in the open (or in a vehicle) within 100 feet of the buildings or structures or within 100 feet of the premises described in the Declarations, whichever distance is greater, including:

        (1) Property you own that is used in your business;

        (2) Property of others that is in your care, custody or control, except as otherwise provided in Loss Payment Property Loss Condition Paragraph E.5.d.(3)(b);

        (3) Tenant's improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:

            (a) Made a part of the building or structure you occupy but do not own; and
            (b) You acquired or made at your expense but cannot legally remove;

        (4) Leased personal property which you have a contractual responsibility to insure, unless otherwise provided for under Paragraph 1.b.(2); and

        (5) Exterior building glass, if you are a tenant and no Limit Of Insurance is shown in the Declarations for Building property. The glass must be owned by you or in your care, custody or control.

(Dkt. No. 1-1 at 5-6.).

The policy also provides coverage for "Extra Expense" resulting from a loss covered by the policy:

    g. Extra Expense

        (1) We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

        With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

            (a) The portion of the building which you rent, lease or occupy;

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

  (b) The area within 100 feet of the building or within 100 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

  (c) Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

(2) Extra Expense means expense incurred:

  (a) To avoid or minimize the suspension of business and to continue "operations":

    (i) At the described premises; or

    (ii) At replacement premises or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations.

  (b) To minimize the suspension of business if you cannot continue "operations".

  (c) To:

    (i) Repair or replace any property; or

    (ii) Research, replace or restore the lost information on damaged "valuable papers and records";

  to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or Additional Coverage f. Business Income.

(3) With respect to the coverage provided in this Additional Coverage, suspension means:

  (a) The partial slowdown or complete cessation of your business activities; or

  (b) That a part or all of the described premises is rendered untenantable, if coverage for Business Income applies.

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

> (4) We will only pay for Extra Expense that occurs within 12 consecutive months after the date of direct physical loss or damage. This Additional Coverage is not subject to the Limits of Insurance of Section I - Property.

(*Id*. at 13.)

The insurance policy's "Insurance Under Two or More Coverages" provision provides that:

> If two or more of this policy's coverages apply to the same loss or damage, [the insurance company] will not pay more than the actual amount of the loss or damage.

(*Id*. at 64.)

**B. Defendant's Argument**

Defendant argues that some of the loss resulting from the fire falls under both the Business Personal Property and Extra Expense coverage provisions. (Dkt. No. 23 at 3.) Defendant contends that the two coverages overlap with respect to certain items such as office and dental supplies purchased both to replace the supplies that were lost during the fire and to minimize disruption of Defendant's business at its new temporary location. (*Id*. at 5.)

Defendant contends that for items falling within both coverages, the policy does not preclude the "stacking" of the sublimits for both because coverage is not capped at one sublimit, but at the "actual amount of the loss or damage." (*Id*. at 6.) Defendant cites language in the "Extra Expense" coverage indicating that this coverage "is not subject" to the limits of Section I of the policy, the section containing language regarding both the Business Personal Property and Extra Expense coverage provisions. (*Id*.) Defendant argues that items meeting the definitions for both Business Personal Property and Extra Expense coverage may be paid under either provision, up to the amount of Defendant's actual loss, without any double recovery of the same expense. (*Id* at 10.)

Defendant notes that following the fire, it entered into an agreement with a local orthodontist, Dr. Patel, to lease her office as a temporary location that would allow Defendant to continue to treat patients while its own office was rebuilt. (Dkt. No. 23 at 6-7.) As part of its agreement with Dr. Patel, Defendant agreed to lease Dr. Patel's workspace, buy her medical equipment, and assume her equipment leases. (*Id*. at 7.) Defendant also agreed to finish treatment on all of Dr. Patel's patients while Dr. Patel retained all fees for this treatment. (*Id*.) Defendant argues that it suffered a sizeable income loss, exceeding $1 million, because it was forced to continue operations at Dr. Patel's office, which is smaller than Defendant's, and had to treat Dr. Patel's patients free of charge. (*Id*. at 8.)

Defendant notes that the parties have signed a "Memorandum of Appraisal" directing the umpire and the appraisers to determine the extra expense cost "associated with the temporary relocation of the business during the 12-month post loss policy limit." (*Id*. at 8-9.)

Defendant argues that with respect to replacement costs for items such as office and dental supplies, it should be able to recover up to the "actual amount of the loss," and that the 12 month limit present in the Extra Expenses coverage provision "is unaffected" by any limits with respect to Business Personal Property coverage. (*Id*.) Defendant argues that it incurred costs during the period of restoration to "continue operations," and "equip and operate" its temporary location that were covered under the Extra Expenses provision. (*Id*. at 9.)

**C. Analysis**

Where a case involves a dispute as to an insurance policy, "[t]he insured bears the burden of showing that coverage exists; the insurer that an exception applies." *Mut. of Enumclaw Ins. Co. v. T & G Constr., Inc.*, 199 P.3d 376, 383 (Wash. 2008) (citation omitted). An insurance policy is to be construed as a contract, the interpretation of which being a matter of law. *State*

*Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139, 1142 (Wash. 1984). "The entire contract must be construed together in order to give force and effect to each clause" and must be enforced "as written if the language is clear and unambiguous." *Wash. Pub. Utils. Dists.' Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam Cty.*, 771 P.2d 701, 706 (Wash. 1989). If, on the other hand, "a policy provision on its face is fairly susceptible to two different but reasonable interpretations, the policy is ambiguous and the court must attempt to discern and enforce the contract as the parties intended." *Transcontinental Ins. Co. v. Wash. Pub. Utils. Dists.' Utils. Sys.*, 760 P.2d 337, 340 (Wash. 1988).

The Court must "liberally construe insurance policies to provide coverage whenever possible." *Bordeaux, Inc. v. Am. Safety Ins. Co.*, 186 P.3d 1188, 1191 (Wash. 2008) (citation omitted). "The policy is construed as a whole, and should be given a fair, reasonable, and sensible construction as would be given the average person purchasing insurance." *Grange Ins. Co. v. Brosseau*, 776 P.2d 123, 125 (Wash. 1989) (internal quotation marks and citation omitted).

The language of the policy does not exclude coverage under the Extra Expense provision if the expenses happened to fall under another coverage provision within the policy. *See Midwest Regional Allergy, Asthma, Arthritis & Osteoporosis Center, P.C. v. Cincinnati Insurance Co.*, 795 F.3d 853, 859 (8th Cir. 2015) (analyzing a similar "Extra Expense" provision and finding that Extra Expense coverage was not subject to the policy limits.); *Hit Factory, Inc. v. Royal Ins. Co. of Am.*, Case No. 02 Civ. 4068DAB, 2005 WL 2125803 at *5 (S.D.N.Y. Aug. 24, 2005) ("Moreover, the provision which provides for instances where two or more coverages apply, indicates to the Court that Defendant knew of the possibility that two coverages might

apply to one damage, and yet did not outline any limitations, aside from limiting damages to the actual loss or damages sustained by the insured.")

Plaintiff does not appear to dispute that Defendant's loss may be covered under more than one provision; rather, Plaintiff argues that the expenses identified by Defendant are not expenses incurred to "avoid or minimize the suspension of business" as required by the Extra Expense provision of the policy. (Dkt. No. 26 at 9.)

Defendant contends that it does not ask the Court to rule on whether any particular expense is covered under both the Business Personal Property and Extra Expense provisions of the insurance policy. (Dkt. No. 23 at 10.) Defendant states that this is an issue "for another day, some perhaps for the appraisers and some perhaps for this Court in some other, future motion." (*Id*.)

The Court is disinclined to rule on issues not raised in the motion, and will address the question of whether the expenses cited by Defendant are covered under both provisions of the insurance policy if and when it is brought forth by the parties in an appropriate motion.

### IV.    ORDER

Having considered the pleadings filed in support of and in opposition to the motion, the exhibits and declarations attached thereto, and the remainder of the record, the Court finds and ORDERS:

1) Defendant's motion for partial summary judgment (Dkt. No. 23) is GRANTED.
2) Defendant may recover under the combined sublimits of the policy's Business Personal Property and Extra Expense coverages for expenses that fall within both coverages.

Dated this 22nd day of November, 2022.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 10